# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3657
_____

United States of America

*Appellee*

v.

Geovanny Hernandez-Garcia, also known as Byron Geovanny Revolorio
Monjaras, also known as Rojelio De la Rosa

*Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa

_____

Submitted: April 8, 2013
Filed: April 16, 2013
[Unpublished]

_____

BYE, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Geovanny Hernandez-Garcia appeals from the sentence that the district court[1] imposed on him after he pleaded guilty to being an alien who re-entered the United States after having been removed following a felony conviction. *See* 8 U.S.C. §§ 1326(a)(1), (a)(2) & 1326(b)(1). We affirm.

The district court determined that Mr. Hernandez-Garcia had an offense level of 14 and a criminal history category of III, which produced a corresponding guideline range of 21 to 27 months' imprisonment. But, on the government's motion, the court departed upward to a criminal history category of VI, producing a guideline range of 37 to 46 months' imprisonment, and then imposed a sentence of 46 months. The district court also made it clear that even without the upward departure, it would have sentenced Mr. Hernandez-Garcia to the same term of imprisonment under the general provisions of 28 U.S.C. § 3553(a).

On appeal, Mr. Hernandez-Garcia, relying on *United States v. Azure*, 536 F.3d 922, 930-32 (8th Cir. 2008), maintains that the district court gave an insufficient reason for believing that a category VI criminal history more accurately described his criminal history than category III did. But because the district court indicated an alternative basis for the sentence it imposed, we need only ask whether a 46-month term of imprisonment was unreasonable in the circumstances. *See United States v. Ortiz*, 636 F.3d 389, 394-95 (8th Cir. 2011). The district court, noting the applicable guideline range, found on a sufficient record that Mr. Hernandez-Garcia had willfully inflicted a serious injury on a person by stabbing him with a knife and had attempted to stab another person, offenses for which he had been charged but not convicted. The court also found on a sufficient record that Mr. Hernandez-Garcia had habitually

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

falsified his identity throughout his life and continued to do so after his arrest for the present offense, even to the point of lying to the district court, all of which was evidence of a substantial tendency on the defendant's part to recidivate. Considering the admitted offense conduct, and the additional findings of the court, we cannot say that the court's sentence of 46 months is unreasonable under 18 U.S.C. § 3553(a), which enumerates the matters that a district court should weigh in fixing a sentence.

Affirmed.

_____